UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JARIKA ROLAND,

    Plaintiff,

v.                                Case No.:_____

WAFFLE HOUSE, INC. and
UNKNOWN MANAGER DOE,

    Defendants.
_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, Waffle House, Inc., pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of this action from the Circuit Court in and for Gadsden County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division.  The grounds for removal are as follows:

## INTRODUCTION

1. Plaintiff, Jarika Roland, filed this personal injury action against Waffle House on August 20, 2018.  *See* Complaint, p. 1 (Exh. 1).  Plaintiff alleges that she suffered injuries in a slip-and-fall accident in the ladies' room at the Waffle House restaurant in Midway, Florida, on July 31, 2017.  *Id.* at ¶¶ 2, 4-11.

2. The Court has original jurisdiction over this action under 28 U.S.C. §

1332, and this action is removable under 28 U.S.C. § 1441(a), in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Pursuant to Local Rule 7.2(A), copies of all process, pleadings, orders and other papers or exhibits filed in the state court will be filed with the Court within 14 days.

## DIVERSITY OF CITIZENSHIP EXISTS

4. Plaintiff is and was at the commencement of this action a citizen of Florida.

5. Waffle House is and was at the commencement of this action a corporation organized under the laws of Georgia. Waffle House's primary place of business and headquarters is in Norcross, Georgia.

6. This Court may disregard Plaintiff's inclusion of an "UNKOWN [sic] MANAGER DOE," *see complaint* at ¶ 3, in determining whether there is diversity between the parties. Although Plaintiff alleges that she believes "UNK[N]OWN MANAGER DOE" was a Florida resident, 28 USC § 1441(b) requires that "[t]he citizenship of defendants sued under fictitious names shall be disregarded." *See Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395, n. 11 (11th Cir. 2011); *see also Stevens v. Dean Transportation, Inc.*, 2017 WL 4325398, *2 (M.D. Fla.

2017)(finding plaintiff's argument that citizenship of "John Doe" defendant destroys diversity jurisdiction was frivolous).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

7. The allegations in Plaintiff's complaint reveal that the amount in controversy is in excess of $75,000. Specifically, Plaintiff avers that she sustained:

- bodily injury and resulting pain and suffering;
- disability;
- disfigurement;
- mental anguish;
- inconvenience;
- loss of capacity for the enjoyment of life;
- expense of hospitalization, medical and nursing care and treatment;
- loss of earnings;
- loss of ability to earn money; and
- aggravation of an existing disease or physical defect or activation of a latent disease or defect.

Complaint, ¶ 11.

8. Furthermore, Plaintiff's pre-suit correspondence to Waffle House demanded payment of $350,000 to compensate Plaintiff for her damages. *See*

Demand Letter, p. 6 (Exh. 2).  Plaintiff's pre-suit demand specified Plaintiff's economic damages as:

- $157,819.05 in past medical bills;
- $23,780.25 for past wage loss; and
- $155,000 for future lost earning capacity.

*Id.* at pp. 5-6.

9. Plaintiff's alleged damages—as set forth on the face of her complaint and in Plaintiff's pre-suit demand letter—satisfies the amount in controversy.  A removing defendant bears the burden of establishing that the amount in controversy more likely than not exceeds the jurisdictional requirement.  *See Pate v. State Farm Mut. Auto. Ins. Co.,* 2010 WL 3372195, *1 (N.D. Fla. 2010).  That said, a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.  *Id.* at *1-2.  "A district court may rely on its 'judicial experience and common sense' to determine whether a claim satisfies the amount-in-controversy requirement."  *Id.* at *2.  (citing *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010).  "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable."  *Roe* at 1061 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).  Likewise,

4

a trial court may consider a party's pre-suit settlement offer or demand letter in evaluating the amount in controversy.  *Pate* at *2; *see also Wilson v. Target Corporation*, 2010 WL 3632794, *4 (S.D. Fla. 2010)(a party's pre-suit demand letter "can be considered reliable evidence" of the amount in controversy).

10. The injuries and damages alleged by Plaintiff indicate that it is more likely than not that the amount in controversy as to her claim exceeds $75,000. She alleges significant past and future economic and non-economic damages.  Her claimed past medical expenses *alone* ($157,819.05) exceed the jurisdictional threshold.

11. Plaintiff's alleged economic and non-economic damages are at least as serious as others that have been found to satisfy the amount in controversy.  For example, in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000)(cited with approval in *Roe*, *supra*), the Fifth Circuit found that the alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount.  *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (cited with approval in *Roe*, *supra*)(finding damages to property, travel expenses, emergency ambulance trip, 6-day hospitalization, pain and suffering, humiliation, and an inability to do housework met the jurisdictional amount).

## REMOVAL IS OTHERWISE PROPER

12.     Plaintiff commenced this action on August 20, 2018, and served Waffle House on August 22, 2018.  Therefore, this Notice of Removal is timely filed within 30 days of receipt of the initial pleading and within one year of commencement of the action.

13.     Venue exists in the Northern District of Florida, Tallahassee Division, because the Circuit Court of Gadsden County, Florida, is within the Tallahassee Division.

14.     Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Circuit Court for Gadsden County, Florida, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal of Civil Action is attached hereto as Exhibit 3.

## CONCLUSION

WHEREFORE, Waffle House prays that this action be removed to the Tallahassee Division of the United States District Court for the Northern District of Florida, from the Circuit Court in and for Gadsden County, Florida.

\* \* \*

**CERTIFICATE OF SERVICE**

I CERTIFY that a copy hereof has been furnished to the following counsel of record by U.S. Mail and e-mail on August 30, 2018:

Matthew K. Schwencke
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL  33409
 terryteam@searcylaw.com

               *Charles Wiggins*_____
               CHARLES WIGGINS
               Fla. Bar No.:  0048021
               ctw@beggslane.com (primary)
               amn@beggslane.com (secondary)
               THOMAS F. GONZALEZ
               Fla. Bar No.:  173878
               tfg@beggslane.com (primary)
               dnd@beggslane.com (secondary)
               BEGGS & LANE, RLLP
               501 Commendencia Street
               Pensacola, FL  32502
               T:  (850) 432-2451
               F:  (850) 469-3331
               Attorneys for Waffle House, Inc.