# Exhibit 1

Filing # 76717251 E-Filed 08/20/2018 05:38:47 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR GADSEN COUNTY, FLORIDA

CASE NO.:

JARIKA ROLAND,

       Plaintiff,

vs.

WAFFLE HOUSE, INC and UNKNOWN
MANAGER DOE,

       Defendants.

_____

## COMPLAINT

Plaintiff, JARIKA ROLAND, by and through the undersigned counsel, hereby sues the

Defendants, WAFFLE HOUSE, INC. and UNKNOWN MANAGER DOE, and states:

1.      This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars.

2.      On July 31, 2017, Defendant, WAFFLE HOUSE, INC., was and is a foreign

corporation that owns a building located at 2380 Brickyard Road, Midway, Gadsen County,

Florida, that was being operated as a Waffle House restaurant.

3.      Upon information and belief, Defendant, UNKOWN MANAGER DOE, was a

Florida resident who was a manager of the Waffle House restaurant on July 31, 2017.

4.      On July 31, 2017 at approximately 9:00am, Plaintiff and her family went to the

establishment for breakfast. Plaintiff walked into the ladies' room and approached the sink to

wash her hands. Suddenly, and without warning, she slipped and fell violently to the ground on

her left arm and side.

5.      At that time, Plaintiff observed that she was covered in clear liquid soap, which was

all over her clothes as well as the floor by the sink. Plaintiff then also observed that the liquid

COMPLAINT
Roland, Jarika vs. Waffle House et al
Page 2

soap dispenser had leaked soap onto the floor.  The dispenser, located on the wall, was sloppily

duct taped together from a previously attempted shoddy repair.

## COUNT I – NEGLIGENCE AGAINST WAFFLE HOUSE, INC

6.  Plaintiff adopts and re-alleges paragraphs 1-5 as though fully set forth herein.

7.  At all times material hereto, the Defendant, WAFFLE HOUSE, INC was the

owner/operator of the premises and had a legal duty to use reasonable care in maintaining its

premises.  WAFFLE HOUSE, INC. had a non-delegable duty to maintain its premises in a safe

condition and prevent harm or injury to invitees on the premises.

8.  At all times material hereto, the Defendant, WAFFLE HOUSE, INC breached that duty

by failing and/or neglecting to repair and/or maintain the ladies' bathroom soap dispenser.

9.  Defendant knew, or should have known, that the failure to properly repair or maintain

the soap dispenser created a dangerous condition causing a transitory foreign substance on the

floor.  Defendant had actual and/or constructive knowledge of the condition and failed to take

action to remedy it prior to the Plaintiff's encounter.

10. As a direct and proximate result of the Defendant, WAFFLE HOUSE INC.'s

negligence, Plaintiff stepped on clear soap that had dripped and/or fallen onto the floor, causing

her to slip, fall and sustain permanent injuries.

11.     As a result of the negligence of Defendant, WAFFLE HOUSE, INC, Plaintiff

suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish,

inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of an

COMPLAINT
Roland, Jarika vs. Waffle House et al
Page 3

existing disease or physical defect or activation of a latent disease or physical defect.  The losses

are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, WAFFLE

HOUSE, INC for the full value of her damages, and also demands taxable costs and trial by jury.

## COUNT II – NEGLIGENCE AGAINST UNKNOWN MANAGER DOE

12. Plaintiff adopts and re-alleges paragraphs 1-5 as though fully set forth herein.

13. At all times material hereto, the Defendant, MANAGER DOE was the Waffle House

employee in charge of operating and maintaining a safe premises.  MANAGER DOE had a duty

to maintain its premises the premises a safe condition and prevent harm or injury to invitees on the

premises.

14. The legal name of UNKNOWN MANAGER DOE is unknown at this time.  Plaintiff

will amend this Complaint upon receipt of UNKNOWN MANAGER DOE's name during the

discovery process.

15. At all times material hereto, the Defendant, UNKNOWN MANAGER DOE breached

his or her duty by failing and/or neglecting to repair and/or maintain the ladies' bathroom soap

dispenser.

16. Defendant, UKNOWN MANAGER DOE knew, or should have known, that the failure

to properly repair or maintain the soap dispenser created a dangerous condition causing a transitory

foreign substance on the floor.  Defendant, UNKNOWN MANAGER DOE had actual and/or

constructive knowledge of the condition and failed to take action to remedy it prior to the Plaintiff's

encounter.

COMPLAINT
Roland, Jarika vs. Waffle House et al
Page 4

17. As a direct and proximate result of the Defendant, UNKNOWN MANAGER DOE's negligence, Plaintiff stepped on clear soap that had dripped and/or fallen onto the floor, causing her to slip, fall and sustain permanent injuries.

18.     As a result of the negligence of Defendant, UNKNOWN MANAGER DOE Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of an existing disease or physical defect or activation of a latent disease or physical defect. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, UNKNOWN MANAGER DOE for the full value of her damages, and also demands taxable costs and trial by jury.

DATED this 20th day of August, 2018.

Matthew K. Schwencke
Florida Bar No. 057132
Primary E-Mai: _terryteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9441
Attorney for Plaintiff